## No. 599

MASLEK v. PENNSYLVANIA R. R. CO.

No. 7013. Decided March 29, 1926

Ohio Appeals, 8th Dist., Cuyahoga Co.

751. MASTER AND SERVANT—1. Where employe assumes risk of employment, employer must nevertheless furnish the usual protective devices.

2. Whether or not the use of a certain tool comes within the risk assumed is a matter for jury to determine.

PER CURIAM.

Mike Maslek, an employe of the Pennsylvania Railroad Co. brought this action in Cuyahoga Common Pleas alleging injuries sustained as a result of being ordered to trim ties with an adz that was dull and caused chips to fly. No goggles were given him to protect his eyes, and a flying chip, striking one eye, severely injuring same.

The company alleged that Maslek assumed all risks of employment and asked for a directed verdict which was granted by the trial court. Maslek, prosecuted error. The Court of Appeals held:

1. While it is true that an employe assumes all risks incident to his employment in the use of simple tools, the employer is nevertheless guilty of negligence if the usual protective measures are not furnished by him.

2. It cannot be said as a matter of law that an adz is a simple tool.

3. The failure to furnish goggles may be held to be a breach of duty on part of the company.

4. It is a matter of fact for the jury to determine whether the tool used was such that from the use of which a risk of employment was assumed.

Judgment therefore reversed and cause remanded for new trial.

Attorneys—Edward Davidson for Maslek; Squire, Sanders and Dempsey for the R. R. Company; all of Cleveland.

---

## No. 600

PADLEY v. JONES et

Ohio Appeals, 9th Dist., Lorain Co.

Nov. 1, 1924.

1271. WILLS—In order to work conversion of land into money three elements are necessary, any one of which will prevent a partition proceeding. 1. A positive direction to sell. 2. Necessity to sell in order to execute will. 3. Such a blending of estate that one intended to create fund of money.

PARDEE, P. J.

The original action was brought in the Lorain Common Pleas upon an action in partition upon real estate, owned by Sarah Ann Bache since deceased.

The testatrix left a will whereby she left her property both personal and real to seven beneficiaries with the following provision; that the executor could sell at his discretion her property both personal and real without order of court and divide it equally.

Jones et contends that by the express words of the will the testatrix meant all her real property to be reduced to personal before division and therefore partition does not lie.

Padley contends that the words of the will did not amount to a conversion of the property—that his right to constitute partition proceedings is concurrent with the executors.

The Court of Appeals held:

1. There are three ways that a conversion may be worked. 1. A positive direction to sell; 2. An absolute necessity to sell in order to execute the will; 3. Such a blending of testators estate in his will as to clearly show that he intended to create a fund of money.

2. From the provisions of the will none of these elements are present and for these reasons the estate may be partitioned.

Decree accordingly.

Attorneys—F. M. Stevens of Elyria for Padley; and Nye and Nye of Elyria, Glitch & Stack, and D. H. Aiken, Lorain, for Jones et.